IN THE UNITED STATES DISTRICT COURTFOR THE WESTERN DISTRICT

OF PENNSYLVANIA

TERRY NOERR, CIVIL ACTION NO.:2:26-cv-02169

Plaintiff,

v.

WALMART SUPERCENTER #2504

and WALMART,

Defendants.

**COMPLAINT**

Plaintiff Terry Noerr, by and through counsel, Sharon L. Wigle, Esquire, complains of Defendants and alleges as follows:

**PARTIES**

**1.** Plaintiff Terry Noerr is an adult individual who resides in Hawthorn, Pennsylvania.

**2.** Defendant Walmart Supercenter #2504 operates a retail store located at 63 Perkins Road, Clarion, Pennsylvania 16214-8527.

3. Defendant Walmart owned, operated, controlled, employed, and/or did business as Walmart Supercenter #2504 during the events alleged in this Complaint. Defendant Walmart may be served through its registered agent at 63 Perkins RD, Clarion, Pennsylvania 16214-8527.
4. At all relevant times, Defendants employed more than 500 employees and were covered employers for purposes of the Americans with Disabilities Act of 1990, as amended.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction because Plaintiff asserts claims arising under federal law. 28 USCS § 1331.
6. The ADA incorporates the powers, remedies, and procedures applicable to employment-discrimination claims. 42 USCS § 12117.
7. This Court has supplemental jurisdiction over Plaintiff's Pennsylvania common-law claims because those claims arise from the same events and form part of the same case or controversy as Plaintiff's federal claims. 28 USCS § 1367.
8. This Court has personal jurisdiction over Defendants because Defendants conducted business in Pennsylvania, employed Plaintiff in Pennsylvania, and committed the acts alleged in this Complaint in Pennsylvania.
9. Venue is proper in this District because the alleged unlawful employment practices occurred in this District, Plaintiff worked in this District, and Defendants operated the store at which the events occurred in this District. 42 USCS § 2000e-5.
10. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 533-2025-00516, alleging disability discrimination arising from his termination. The EEOC issued a Determination and Notice of Rights on July 7, 2026.

Plaintiff received the Notice of Rights on or about [DATE OF RECEIPT], and this action is filed within ninety days of his receipt of that notice.

## FACTUAL ALLEGATIONS

**11.** Plaintiff began working for Walmart on May 5, 2021, as a stocker.

**12.** In approximately August 2022, Plaintiff became a Maintenance Team Lead.

**13.** Plaintiff has a longstanding nerve disorder that constitutes a disability. Defendants knew of Plaintiff's disability.

**14.** Plaintiff performed his work successfully, advanced to a team-lead position, and was able to perform the essential functions of his position with or without reasonable accommodation.

**15.** In or about March 2024, an employee whom Plaintiff supervised had sustained a workplace injury. Plaintiff had completed injury paperwork concerning that injury, but the paperwork was not submitted at that time.

**16.** Approximately two months later, after the employee's condition worsened and medical treatment was sought, management and the employee asked Plaintiff to sign documentation stating that the injury occurred approximately two months later than the actual injury date.

**17.** Plaintiff refused to sign the revised injury documentation because he believed it was inaccurate and that signing it would constitute insurance fraud.

**18.** On or about March 21, 2024, Defendants informed Plaintiff that he was under investigation for alleged time theft.

**19.** On or about April 6, 2024, Ron Shiley, an Assistant Manager, informed Plaintiff that Defendants were terminating his employment for alleged time theft.

**20.** Plaintiff did not commit time theft. Plaintiff performed scheduling, planning, and other work duties in the break room while waiting for a computer terminal to become available.

**21.** Defendants had only three shared computer terminals, which were regularly occupied, and Plaintiff's work required computer access.

**22.** Plaintiff performed work in the break room while awaiting computer access for approximately one year, and no supervisor advised him that doing so violated a policy.

**23.** At Plaintiff's unemployment-compensation hearing, a management representative admitted that Plaintiff was working during the period Defendants had characterized as time theft and that computer access was limited.

**24.** Plaintiff successfully challenged the initial denial of unemployment-compensation benefits following his termination.

**25.** Before the injury-document dispute and termination, an assistant manager began treating Plaintiff differently after Plaintiff challenged the manner in which a team-lead position had been filled.

**26.** The request that Plaintiff sign inaccurate injury documentation, the initiation of an investigation approximately one week after his refusal, and his discharge for alleged time theft form a close temporal sequence.

**27.** Defendants' stated reason for Plaintiff's termination was false, selectively applied, exaggerated, and/or pretextual.

**28.** Defendants knew of Plaintiff's disability, yet terminated Plaintiff despite his record of satisfactory work performance and promotion to a team-lead position.

**29.** As a direct and proximate result of Defendants' conduct, Plaintiff has suffered lost wages, lost employment benefits, emotional distress, humiliation, inconvenience, and other compensatory damages.

## COUNT I — DISABILITY DISCRIMINATION AND UNLAWFUL DISCHARGE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

**30.** Plaintiff incorporates by reference Paragraphs 1 through 29 as though fully set forth herein.

**31.** The ADA prohibits a covered employer from discriminating against a qualified individual on the basis of disability with respect to discharge and other terms, conditions, and privileges of employment. 42 USCS § 12112.

**32.** Plaintiff was a qualified individual with a disability.

**33.** Defendants knew that Plaintiff had a disability.

**34.** Defendants discharged Plaintiff from his employment on or about April 6, 2024.

**35.** Defendants discharged Plaintiff because of his disability.

**36.** Defendants' claimed time-theft justification was pretextual because Plaintiff was performing work while awaiting computer access, had engaged in that practice for approximately one year without discipline, and management knew Plaintiff was working during the times at issue.

**37.** As a direct and proximate result of Defendants' disability discrimination, Plaintiff has sustained lost wages, lost benefits, emotional distress, humiliation, inconvenience, and other damages.

## COUNT II — RETALIATORY DISCHARGE IN VIOLATION OF PENNSYLVANIA PUBLIC POLICY

**38.** Plaintiff incorporates by reference Paragraphs 1 through 37 as though fully set forth herein.

**39.** Defendants asked Plaintiff to sign injury documentation that Plaintiff reasonably believed was false and would misrepresent the date of a workplace injury.

**40.** Plaintiff refused to sign the documentation because he believed that doing so would constitute insurance fraud.

**41.** Within approximately one week of Plaintiff's refusal, Defendants initiated an investigation accusing Plaintiff of time theft.

**42.** Defendants thereafter terminated Plaintiff based upon an allegation of time theft that Defendants knew or should have known was false, exaggerated, and/or pretextual.

**43.** Defendants terminated Plaintiff in retaliation for his refusal to execute documentation that he believed was false and fraudulent.

**44.** Defendants' retaliatory discharge of Plaintiff violated the clear public policy of Pennsylvania against requiring an employee to participate in fraud or submit false workplace-injury documentation.

**45.** As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff has suffered lost wages, lost employment benefits, emotional distress, humiliation, inconvenience, and other compensatory damages.

## COUNT III — HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

**46.** Plaintiff incorporates by reference Paragraphs 1 through 45 as though fully set forth herein.

**47.** The ADA prohibits disability-based discrimination concerning the terms, conditions, and privileges of employment. 42 USCS § 12112.

**48.** Defendants subjected Plaintiff to unwelcome harassment and disparate treatment in the terms and conditions of his employment, including differential treatment by management, a pretextual investigation for

alleged time theft, and termination based on a false or exaggerated accusation.

**49.** The conduct directed at Plaintiff occurred because of his disability and Defendants' knowledge of his disability.

**50.** Defendants' conduct was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and create an abusive and hostile work environment.

**51.** Defendants are responsible for the conduct of their managers, supervisors, and agents.

**52.** As a direct and proximate result of Defendants' hostile work environment, Plaintiff has suffered emotional distress, humiliation, inconvenience, lost wages, lost employment benefits, and other compensatory damages.

## COUNT IV — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**53.** Plaintiff incorporates by reference Paragraphs 1 through 52 as though fully set forth herein.

**54.** Defendants asked Plaintiff to sign documentation that Plaintiff believed falsely altered the date of a workplace injury and would constitute insurance fraud.

**55.** After Plaintiff refused to participate in the alleged falsification of injury documentation, Defendants initiated a purported time-theft investigation and terminated Plaintiff approximately one week later.

**56.** Defendants' conduct, including requesting Plaintiff's participation in alleged fraud, falsely accusing him of time theft, and terminating him on that basis, was intentional, reckless, extreme, and outrageous.

**57.** Defendants intended to cause Plaintiff emotional distress or acted with reckless disregard of the substantial probability that their conduct would cause Plaintiff severe emotional distress.

**58.** As a direct and proximate result of Defendants' conduct, Plaintiff suffered severe emotional distress, humiliation, mental anguish, inconvenience, and other damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Terry Noerr respectfully requests that this Court enter judgment in his favor and against Defendants and award the following relief:

**A.** A declaration that Defendants violated Plaintiff's rights under the ADA;

**B.** An order enjoining Defendants from engaging in unlawful disability discrimination and retaliation;

**C.** Reinstatement to Plaintiff's former position or, if reinstatement is not feasible, front pay;

**D.** Back pay, including lost wages, lost employment benefits, prejudgment interest, and other equitable relief;

**E.** Compensatory damages for emotional distress, humiliation, inconvenience, mental anguish, and other nonpecuniary losses;

**F.** Punitive damages to the extent permitted by law;

**G.** Reasonable attorney's fees, litigation expenses, and costs;

**H.** Prejudgment and post-judgment interest as allowed by law; and

**I.** Such other and further relief as this Court deems just and proper.

The Court may award reinstatement, back pay, and other equitable relief upon finding intentional unlawful employment practices. 42 USCS § 2000e-

5. Plaintiff seeks compensatory and punitive damages to the extent permitted for intentional disability discrimination. 42 USCS § 1981a.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

s/ Sharon L. Wigle, Esq.

Sharon L. Wigle, Attorney at Law

SHARON LAWRULER L.L.C
Sharon L. Wigle, Esquire
Attorney for Plaintiff Terry Noerr
Pennsylvania Attorney I.D. No. 59964
471 Hill Churches Road
Latrobe, PA 15650
Telephone: (724) 420-0937
Facsimile: 1-800-373-5652
Email: Sharon@Lawruler.onmicrosoft.com

Date: September 30, 2026

---

IN THE UNITED STATES DISTRICT COURTFOR THE WESTERN DISTRICT

OF PENNSYLVANIA

TERRY NOERR, CIVIL ACTION NO.:

Plaintiff,

v.

WALMART SUPERCENTER #2504
and WALMART,

Defendants.

**VERIFICATION**

I, Terry Noerr, verify that I am the Plaintiff in this action and have read the foregoing Complaint. The factual statements contained in the Complaint are true and correct to the best of my knowledge, information, and belief.

I understand that false statements made herein are subject to the penalties of 18 Pa. Cons. Stat. § 4904.

Date: 10/1/2026 | 7:47 PM EDT

Signed by:

3D68B33051254D2...

Terry Noerr
Plaintiff

IN THE UNITED STATES DISTRICT COURTFOR THE WESTERN DISTRICT

OF PENNSYLVANIA

TERRY NOERR, CIVIL ACTION NO.:

Plaintiff,

v.

WALMART SUPERCENTER #2504
and WALMART,

Defendants.

**CERTIFICATE OF SERVICE**

I certify that on ____________________, I caused a true and correct copy of the foregoing Complaint, together with all required filing materials, to be served upon the following parties in accordance with the Federal Rules of Civil Procedure:

Walmart Supercenter #2504
63 Perkins Road
Clarion, PA 16214

Walmart

Service was made by: Personal Service.

Respectfully Submitted,

s/ Sharon L. Wigle, Esq.

---

Sharon L. Wigle, Esquire
Attorney for Plaintiff Terry Noerr